IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cameron Julius Xavier Banks, Sr., ) | C/A No. 0:23-5819-MGL-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | |
| ) | **REPORT AND RECMMENDATION** |
| Vitalcore Health Strategies LLC; Charleston ) | |
| County Council; Charleston County Sheriff ) | |
| Office; Jason Loy; Chelsey Anderson; Dr. ) | |
| Pfeifer; APRN Donna Scuderi; APRN Natalie ) | |
| Bell; APRN Unknown King; The United ) | |
| States of America, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Cameron Julius Xavier Banks, Sr., a self-represented pretrial detainee, filed this civil rights action against various medical providers and Charleston County officials. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Plaintiff's motion to voluntarily dismiss Defendants Charleston County Council and the Charleston County Sheriff Office (the "Charleston Defendants"). (ECF No. 135.) The Charleston Defendants filed a response in support of Plaintiff's motion, but requested that the dismissal be with prejudice. (ECF No. 136.)

Pursuant to Federal Rule of Civil Procedure 41(a)(1), a plaintiff may not voluntarily dismiss his action without a court order after service of an answer or motion for summary judgment, unless a stipulation of dismissal is signed by all parties. Rule 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, *on terms that the court considers proper*." Rule 41(a)(2) (emphasis added). Generally, a plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2) should not be denied absent plain legal prejudice to the defendant. See Andes v. Versant Corp.,

788 F.2d 1033, 1036 (4th Cir. 1986); Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997). To establish plain legal prejudice, a defendant must show some harm other than the mere prospect of a second lawsuit. See Ellett Bros., Inc. v. United States Fidelity & Guar. Co., 275 F.3d 384 (4th Cir. 2001); see also Fed. R. Civ. P. 41(d) (permitting the court to order a plaintiff who has previously dismissed an action based on or including the same claim against the same defendant to pay all or part of the costs of the previous action and to stay the new case until the plaintiff has complied). Nonetheless, under appropriate circumstances, a district court may dismiss an action under Rule 41(a)(2) with prejudice. See Choice Hotels Int'l Inc.v. Goodwin & Boone, 11 F.3d 469, 471 (4th Cir. 1993). In deciding whether to dismiss an action pursuant to Rule 41(a)(2), a court should consider factors such as (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) an insufficient explanation of the need for a dismissal; and (4) the present state of the litigation. Miller v. Terramite Corp., 114 F. App'x 536, 540 (4th Cir. 2004) (citing Phillips USA, Inc., v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996)). This list of important factors is not exclusive; the court may consider any relevant factors depending on the circumstances presented in the case. 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2364 (3d ed. 2008) (discussing Fourth Circuit law).

Applying these factors, the court concludes that this matter should be dismissed without prejudice subject to the following conditions: (1) if Plaintiff files an action based on or including the same claims against the same defendants in the future, the defendants may seek costs from this action pursuant to Rule 41(d) of the Federal Rules of Civil Procedure; and (2) any discovery materials or other evidence obtained during the course of the litigation of this matter may also be used in any subsequent matter. See Davis v. USX Corp., 819 F.2d 1270, 1276 (4th Cir. 1987).

## RECOMMENDATION

The court therefore recommends that Plaintiff's motion (ECF No. 135) be conditionally granted accordingly and that the Charleston Defendants' motion to dismiss or, in the alternative, for summary judgment (ECF No. 125) be dismissed as moot.

_____

August 13, 2024　　　　　　　　　　　Paige J. Gossett
Columbia, South Carolina　　　　　　UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).